UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MARLENE HYLTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV421-163 |
| TITLEMAX OF VIRGINIA, INC., | ) ) ) |
| Defendant. | ) ) |

## ORDER

Defendant TitleMax of Virginia, Inc. seeks a stay of these proceedings pending the Eleventh Circuit Court of Appeals' *en banc* decision in *Drazen v. Pinto*, No. 21-10199 (11th Cir.). Doc. 91. Plaintiff does not oppose the request. Doc. 92. For the following reasons, the Motion to Stay is **GRANTED**. Doc. 91.

Plaintiff filed this putative class action alleging violations of the Telephone Consumer Protection Act of 1991 ("TCPA"). *See, e.g.,* doc. 51. Defendant has raised challenges throughout these proceedings to Plaintiff's proposed class definition. *See* doc. 91 at 1. It argues that the current proposed class definition "contain[s] members with (potentially) no Article III standing." *Id.* at 2. However, Defendant also recognizes

that as applied to TCPA cases, "the Article III standing doctrine 'has[s] been less than a model of clarity.'" *Id.* (quoting *Drazen v. Pinto*, 41 F.4th 1354, 1362 n.14 (11th Cir. 2022), *vacated on grant of pet. for rehr'g en banc*, 61 F.4th 1297 (11th Cir. 2023)). The Eleventh Circuit granted the petition for rehearing *en banc* in *Drazen* which requested that the Court "clarify the law regarding the elements necessary to pursue a TCPA claim." *Id.* at 3 (quoting *Simpson v. J.G. Wentworth Co.*, 2023 WL 3029820, at *1 (M.D. Fla. Apr. 17, 2023)).

Defendant anticipates the *Drazen en banc* decision will provide "clear, controlling precedent governing the Article III standing of members within TCPA class actions . . ." Doc. 91 at 3. The parties are currently in the midst of class discovery, which Defendant characterizes as "costly" and "resource-consuming." *Id.* Because it argues that many of the proposed class members do not have standing, it seeks a stay of these proceedings pending the outcome of the *Drazen en banc* decision. *Id.* After that decision, "the limits of the proposed class definition [can be] set before continuing with discovery." *Id.*

This Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681,

706 (1997). It may exercise this discretion to stay a case pending the resolution of related proceedings in another court. *Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000). However, "[a] stay must not be 'immoderate.' " *Id.* (quoting *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982)). Any stay must be properly limited in scope and may not be indefinite. *Id.*

The parties here agree that a stay is appropriate. *See* docs. 91 & 92. Defendant compellingly argues that the forthcoming *Drazen en banc* decision will impact the parties' litigation, and potentially save them time and resources during the class discovery phase. *See generally* doc. 91. Also, Defendant represents that the oral arguments in *Drazen* are set for June 12, 2023, and that no extensions of the briefing schedule will be granted. *Id.* at 7. Given the relatively minimal delay, and cognizant of the efficiencies that a stay would promote, *see, e.g.*, Fed. R. Civ. P. 1; *Robinson v. Nationstar Mortgage, LLC*, 220 F. Supp. 3d 1353, 1355 (S.D. Ga. 2016) (Baker, M.J.), the unopposed motion to stay is **GRANTED**. Doc. 91.

All deadlines in this case are **STAYED** until November 27, 2023, or until the Eleventh Circuit issues its *en banc* decision in *Drazen*, whichever is earlier. *See Ortega Trujillo*, 221 F. 3d at 1264 ("When a district court exercises its discretion to stay a case pending the resolution of related proceedings in another forum, the district court must limit properly the scope of the stay."). If the *Drazen* appeal is still pending at that time, the parties may seek an extension of the stay. The parties are **DIRECTED** to notify the Court within 14 days of the Eleventh Circuit's *en banc* ruling in *Drazen* by filing a notice of the opinion's issuance.

**SO ORDERED**, this 25th day of May, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA